## Johnson's Estate.   Johnson's Appeal.

*Will—Issue devisavit vel non—Undue influence—Unlawful relation.*

The existence of an unlawful relation between testator and a woman to whom he bequeaths a portion of his estate, is not sufficient in itself to raise such a presumption of undue influence as to carry the question to a jury.

Argued Jan. 29, 1894.   Appeal, No. 359, Jan. T., 1894, by Mary Johnson and Florence E. Haley, children and heirs, from decree of O. C. Montgomery Co., Sept. T., 1892, No. 26, refusing issue devisavit vel non, in estate of Jesse K. Johnson, deceased.   Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ.

Petition for issue devisavit vel non, on appeal from probate.

The evidence tended to show that testator devised and bequeathed to Anna M. Russell nearly half of his estate, and that at the time of the execution of his will he had unlawful relations with her. The evidence did not show that she was present when the will was made, or that she had anything to do with the making of the will in her favor. It was produced by her after his death.

The opinion of the court below, after reviewing the facts, was as follows, by SWARTZ, P. J. :

" Can the illicit relation alone, under such circumstances, give rise to a presumption of undue influence? Is the proof of the relationship itself sufficient evidence to sustain a finding by a jury of undue influence? Dean v. Negley, 41 Pa. 312, is cited in support of these propositions. But in that case it was shown that the testator was suffering from a cancerous disease, that his mind became debilitated from the use of opiates which rendered him particularly subject to the control of the person with whom the illicit intercourse was had. She exercised despotic influence over him in many of his business transactions. She nursed him in his sickness, and his family could have no communication with him except in her presence or in the presence of some member of her family. In other words there was evidence of numerous acts and circumstances showing the force of her influence over the enfeebled mind. In that case the contestants did not rely upon the relationship itself to show the undue influence, but offered proof of the actual existence of such influence. Where, in addition to the unlawful relationship, there is evidence indicating constraint, control, interference, impaired testamentary capacity, loss of will power, habits of intemperance, sickness or disease, at the time the will is made, the case should go to the jury.

" The rule of law is well defined in Wainwright's Appeal, 89 Pa. 225. Unlawful cohabitation of the legatee and testator is not of itself sufficient evidence from which a jury could infer undue influence. It is true that if there are other facts, unlawful cohabitation may be a circumstance of weight. Dean v. Negley, supra, is cited by the Chief Justice as supporting this rule. See also Rudy v. Ulrich, 69 Pa. 177 ; Main v. Ryder, 84 Pa. 217. In the late case of Heilbrun's Will, Orphans' Court of

Philadelphia, 20 Phila. 103, the same conclusion was reached, and the facts were similar to those now before us. It is well established that undue influence, however used, must, in order to avoid a will, destroy the free agency of the testator at the time and in the very act of making the testament: Trost v. Dingler, 118 Pa. 259. The case before us is barren of all evidence showing undue influence in the act of making the will.

" Under the will, according to the calculations of the contestants, something less than one half of the estate passes to Mrs. Russell; according to the proponents her share is less than one third of the estate. While we all disapprove of such an act where an illicit relationship exists, it is nevertheless legal if it is the result of the free, voluntary act of the testator. A testator has the legal right to devise his property to his mistress : McGeary v. McGeary, 3 Atl. R. 22. The fact that a man's will is unaccountably contrary to the common sense of the country is not sufficient, ipso facto, to set it aside. The testator's will is the law of his property : Bitner v. Bitner, 65 Pa. 362. A man may dispose of his property as he prefers, and disappoint the natural expectations of his relatives ; such act in itself is no evidence of testamentary incapacity : Stevenson v. Stevenson, 33 Pa. 469.

" The deposit of the will with Mrs. Russell is no evidence of undue influence on her part. It shows a determination on the part of the testator that the legatee should not be defeated. He may have feared that the will would not be safe in the hands of his family, for they were justly indignant because of the continual visits to Mrs. Russell.

" No doubt there was some inattention to business, and yet the repairs to the hotel were made about the time that the will was prepared. This neglect does not show mental debility. The witnesses speak of the testator as a sober, strong-minded man up to the time of his fatal sickness, and the attending physician says that in 1887, at the time of the first sickness, ' He was a very decided character, a strong-minded man and a very self-willed one. . . . In 1889, after the acute symptoms of the paralysis passed away, his mind was as good as ever I knew it.' The inattention to business was a natural consequence where there is an indulgence in adulterous practice.

" We conclude that the only ground of contest in the evi-

dence is the alleged existence of the illicit relation, and, as already shown, this is insufficient to send the case to a jury. As we understand, this is the law not only of our own state, but of other states and countries : Matter of Mondorf, 110 N. Y. 455; Wallace v. Harris, 32 Mich. 393; Sunderland v. Hood, 84 Miss. 293; Wingrove v. Wingrove, L. R. 11 P. & D. 81."

*Error assigned* was refusal of issue.

*N. H. Larzelere, M. M. Gibson* with him, for appellants, cited : Dean v. Nagley, 41 Pa. 312; Reichenbach v. Ruddach, 127 Pa. 593.

*James B. Holland, John M. Dettra* with him, for appellee, cited: 1 Jarman on Wills, 37; Woerner on Law of Administration, 46; Wingrove v. Wingrove, L. R. 11 P. & D. 81; Reichenbach v. Ruddach, 127 Pa. 564; Rudy v. Ulrich, 69 Pa. 181; Wainwright's Appeal, 89 Pa. 225.

PER CURIAM, February 12, 1894:

We think the learned court below was clearly right in refusing the issue asked for in this case. The application was for an issue upon the question of undue influence exercised by Anna M. Russell upon the testator in procuring the legacy in her favor. In point of fact the case is absolutely destitute of proof of a single act of influence, undue or otherwise, on the part of Mrs. Russell. There is no testimony to show that she ever, at any time or in any circumstances, even so much as asked him to make a provision in her favor. The will was written by the testator himself, four years before his death, without the slightest proof that Mrs. Russell was present or had anything to do with it, or that she knew anything about it.

The contention of the appellants necessarily rests upon the proposition that the existence of an unlawful relation between the testator and Mrs. Russell is sufficient alone to raise a question of undue influence, and to carry the question to a jury. That such is not the law was expressly decided by this court in Rudy v. Ulrich, 69 Pa. 177; Main v. Ryder, 84 Pa. 217, and Wainwright's Appeal, 89 Pa. 220. In the former of these cases, Dean v. Negley, 41 Pa. 312, was distinguished as resting upon the peculiarity of its own facts. Those facts did not exist in

Rudy v. Ulrich, as they do not in this case, and therefore the ruling in Dean v. Negley is not applicable here.   The same is true in Reichenbach v. Ruddach, 127 Pa. 593.   Other authorities in other states are to the same effect as our own decisions.

Decree affirmed and appeal dismissed at the cost of the appellants.